IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>  Plaintiff )<br>  )<br>  v.  )<br>  )<br>WILLIAMS REFINING AND  )<br>MARKETING, LLC,  )<br>  )<br>  Defendant.  ) | CIVIL ACTION<br>NO. 2:07-cv-2186-BBD |

STIPULATION, SETTLEMENT AGREEMENT AND ORDER

WHEREAS, the plaintiff, United States of America, by the authority of the Attorney General of the United States and through its undersigned attorneys, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint alleging that the defendant, Williams Refining and Marketing, LLC ("Settling Defendant") has violated the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401 et seq., and its implementing regulations, Section 311(b) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321; and the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901 et seq., and its implementing regulations, and

WHEREAS, the Settling Defendant, a corporation organized under the laws of the State of Delaware, owned and operated a refinery located in Memphis, Tennessee (the "Refinery") from the mid-1980's until March 3, 2003; and

WHEREAS, as of March 3, 2003, the Settling Defendant no longer owns and operates the Refinery ; and

WHEREAS, the Settling Defendant neither admits nor denies the allegations of the Complaint and denies any liability therefore; and

WHEREAS, the parties agree, without adjudication or admission of facts or law, that settlement of this matter is in the public interest and that entry of this Stipulation, Settlement Agreement and Order ("Stipulation and Agreement") without further litigation is an appropriate resolution of the disputed claims alleged in the Complaint; and

WHEREAS, the Court finds that this Stipulation and Agreement is a reasonable and fair settlement of the United States' claims against the Settling Defendant in this case, and the Stipulation and Agreement adequately protects the public interest in accordance with the Act and all other applicable federal law;

NOW, THEREFORE, before the taking of any testimony, without adjudication of any issue of fact or law, and upon consent and agreement of the parties to this Stipulation and Agreement, it is hereby agreed and stipulated that:

1.     This Court has jurisdiction over the parties to, and the subject matter of, this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355, and Section 113(b) of the Act, 42 U.S.C. § 7413(b). Venue is proper in this district under Section 113(b) of the Act, 42 U.S.C. § 7413(b), 28 U.S.C. §§ 1391(b) and (c), and 1395(a). Notice of the commencement of this action has been given to the Tennessee Department of Environment and Conservation pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b). Settling Defendant waives any and all objections it may have to the Court's

jurisdiction, waives service of process in accordance with the requirements set forth in the Federal Rules of Civil Procedure, and, for purposes of this Stipulation and Agreement submits to the Court's jurisdiction.

2. Within thirty (30) calendar days of the date Settling Defendant receives a copy this Stipulation and Agreement that has been entered as an Order of the Court, Settling Defendant shall pay a civil penalty to the United States in the amount of two million two hundred thousand dollars ($2,200,000.00).

3. The civil penalty payment shall be made by FedWire Electronic Funds Transfer ("EFT") in accordance with current electronic funds transfer procedures referencing USAO File Number 2007Z00293, and DOJ Case Number 90-5-2-1-08172. The payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Management Unit of the U.S. Attorney's Office for the Western District of Tennessee upon execution of this Stipulation and Agreement by the parties, and shall indicate that $25,000 of the payment is to be paid into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s), § 4304 of Pub. L No. 101-380, and 26 U.S.C. § 9509(b)(8).  Any EFTs received at the DOJ lockbox bank after 11:00 a.m. Eastern Time will be credited on the next business day.  Within one business day of payments, Settling Defendant shall provide written notice of payment to the following:

<u>As to DOJ</u>:

Chief, Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Benjamin Franklin Station
Washington, D.C.  20044
DOJ # 90-5-2-1-08172

<u>As to EPA</u>:

Marlene J. Tucker
Office of Environmental Accountability
US EPA Region 4
61 Forsyth St.
Atlanta, Georgia 30303

<u>As to the United States Attorney's Office</u>:

United States Attorney's Office, Western District of Tennessee
167 N. Main St., Ste. 800
Memphis, Tennessee 38103

    4.    If the Settling Defendant fails to make payment of the settlement amount as provided in Paragraph 2 above, the Settling Defendant shall pay a stipulated penalty of $2,500 per day for each day that the payment is delayed beyond the due date.  In addition to stipulated penalties, interest accruing from the effective date and administrative fees accruing from the date payment of that portion of the settlement amount is due, shall continue to accrue and be payable without further demand under this Stipulation and Agreement.

    5.    The settlement amount paid pursuant to this Section is a penalty within the

meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), and is not a tax deductible expenditure for purposes of federal law.

6. Payment by the Settling Defendant of the settlement amount in accordance with this Stipulation and Agreement shall constitute full settlement and satisfaction of the civil claims asserted in the Complaint through March 3, 2003. The United States reserves, and this Stipulation and Agreement is without prejudice to, all rights against the Settling Defendant with respect to all other matters not asserted by the United States in the above-referenced Complaint, including but not limited to any criminal liability.

7. After receipt of the full settlement amount to be paid by the Settling Defendant, the United States and the Settling Defendant shall execute and file with the Court a stipulation of dismissal with prejudice. The United States' Complaint in this action shall be dismissed only upon payment of the entire settlement amount and any other monies due in accordance with this Stipulation and Agreement.

8. Each party shall bear its own costs and attorneys' fees in this matter. However, if collection proceedings become necessary, the Settling Defendant shall pay all of the United States' costs of enforcement, including costs of attorney time.

9. This Court retains jurisdiction to enforce this Stipulation and Agreement until such time as the Court enters a stipulation of dismissal submitted by the parties indicating that payment of all monies due under this Stipulation and Agreement have been made.

10.    Settling Defendant waives any objections it may have to jurisdiction and venue regarding this action, and agrees not to challenge the Court's jurisdiction to enforce or to take any other action to effectuate this Stipulation and Agreement, and similarly waives formal service of the Complaint and summons as set forth in Rule 4 of the Federal Rules of Civil Procedure.

11.    Each party certifies that an undersigned representative is fully authorized to enter into the terms and conditions of this Stipulation and Agreement and to execute and legally bind the respective party.

12.    This Stipulation and Agreement may not be used as evidence in any litigation (whether administrative or judicial) between the undersigned, except (a) to prove its existence, and (b) for enforcement of the terms herein.

12.    Neither by offering to enter into, nor by entering into this Stipulation and Agreement does Settling Defendant admit to any wrongdoing or any violation of law.


Judgment is hereby ENTERED in accordance with the foregoing Stipulation and Agreement this <u>21st</u> day of <u>May</u>, 2007.


                                         <u>s/Bernice B. Donald</u>
                                         UNITED STATES DISTRICT JUDGE

The following parties hereby consent to the entry of this Consent Decree:


For Plaintiff, UNITED STATES OF AMERICA:


s/ Matthew J. McKeown                                         1/25/07
MATTHEW J. MCKEOWN                                    Dated
Acting Assistant Attorney General
Environment and Natural Resources Division




s/Susan M. Akers                                                    1/24/07
SUSAN M. AKERS                                               Dated
Environmental Enforcement Section
U.S. Department of Justice
1425 New York Ave., N.W.
Washington, D.C. 20530

Signature Page for Consent Decree in: *United States of America v. Williams Refining and Marketing, LLC*

s/ Granta Y. Nakayama                           December 1, 2006

GRANTA Y. NAKAYAMA                              Dated
Assistant Administrator
Office of Enforcement and Compliance Assurance
United States Environmental Protection Agency

Signature Page for Consent Decree in: *United States of America v. Williams Refining and Marketing, LLC*

s/J.I. Palmer, Jr.                                        September 28, 2006
J.I. PALMER, JR.                                          Dated
Regional Administrator
U.S. Environmental Protection Agency
Region 4
61 Forsyth St., S.W.
Atlanta, GA 30303

s/Marlene J. Tucker                                       September 28, 2006
MARLENE J. TUCKER
Associate Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth St., S.W.
Atlanta, GA 30303

For Defendant, WILLIAMS REFINING AND MARKETING, LLC:

Date: 7/18/2006  Signature: s/ James E. Scheel
 Name (print): James E. Scheel
 Title: Vice President
 Address: One Williams Center
  45th Floor
  Tulsa, OK 74172
  (918) 573-3344

\